### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO.** 19-52862 |
| Bhaktel, LLC | § | |
| | § | |
| **DEBTOR** | § | **CHAPTER 11 PROCEEDINGS** |

## MOTION FOR EMERGENCY INTERIM USE OF CASH COLLATERAL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Now comes Bhaktel, LLC, ("Debtor"), the Debtor in the above-captioned matter, and it does hereby move this Court, pursuant to 11 U.S.C §§ 105 (a), 361, and 363, and 364 (c), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-2 of and Order: (i) authorizing the interim use of cash collateral; (ii) scheduling a further hearing on the final use of case collateral; and (iii) authorizing the final use of cash collateral. In support of this Motion, the Debtor represents as follows:

### BACKGROUND

1. On 12/2/2019 ("Petition Date"), the Debtor filed a Voluntary Petition under the provisions of Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") with the United States Bankruptcy Court for the Western District of Texas ("Bankruptcy Court").

2. Pursuant to the provisions of §§ 1107 and 1108 of the Bankruptcy Code, the Debtor has continued to operate its business and manage its business affairs as a Debtor-in-Possession. No Trustee or Examiner has been requested or appointed.

3. The company operates a 60-room hotel in Missouri. Mr. Bhakta is the officer in charge of operations for the hotel. He has had a difficult time finding reliable employees. The hotel has been in business since 2016. The last several employees have not properly collected the funds from hotel guests and deposited them in the corporate accounts. Mr. Bhakta has come to the realization that he must be present on site to oversee the operations of the business and he intends to move there soon. He has hired a new manager and he believes this manager is better suited to operating the business.

4. The filing of the Debtor's bankruptcy case was precipitated by a series of events that resulted in a decrease in revenue and increase in certain expenses. The employees did not maintain the building and either stole or destroyed much of the furniture of the hotel. Mr.

Bhakta is replacing and repairing the damaged furniture. The employees were renting rooms to people for cash and pocketing the money for several months this year. He is hopeful the business will return now that the hotel is being managed properly. These circumstances necessitate Chapter 11 relief.

5. As of the Petition Date, the principal assets of the business consisted of real property with a hotel valued at 2,250,000.00, cash in the approximate amount of $100, accounts in the approximate amount of $3,926.00, and other personal property having an approximate value of $71,893.00.

6. As of the Petition Date, the creditors holding security interests in the assets of the Debtor that constitute cash collateral, is Celtic Bank holding a secured claim in the approximate amount of $1,457,017.00.

7. Other unsecured debt is estimated to be approximately $670,367.00.

## JURISDICTION

8. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter within the meaning of 28 U.S.C § 157 (b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## SUMMARY OF RELIEF REQUESTED

9. The Debtor seeks authorization to use "Cash Collateral" as defined in § 363 (a) of the Bankruptcy Code. Pursuant to Rule 4001 (b)(1)(B) of the Federal Rules of Bankruptcy Procedure, the Debtor represents as follows:

### a) PARTIES CLAIMING AN INTEREST IN CASH COLLATERAL

(i) On or about December 30, 2015, the Debtor entered into a financing transaction with Celtic Bank Corporation, ("Celtic Bank") whereby Celtic Bank loaned the Debtor the total sum of $1,496,000.00 pursuant to a loan Security Agreement and other loan documents. The Loan and Security Agreement granted Celtic Bank a security interest in all of the Debtor's assets including, but not limited to, all accounts, accounts receivable, inventory, general intangibles, equipment, deposit accounts, and their proceeds (collectively the "Collateral").

(ii) Celtic Bank holds a first-priority security interest in the Collateral.

(iii) Celtic Bank holds a valid, enforceable, and perfected security interest in the Debtor's cash collateral.

b) <u>Purposes for Use of Cash Collateral.</u> The Debtor requires the use of cash collateral to continue its business operations uninterrupted. The Debtor intends to use the cash collateral to pay employees, to purchase supplies, to pay service providers, to pay administrative expenses incurred by the Debtor's Bankruptcy Estate, and to pay other ongoing usual and necessary expenses incurred in the day-to-day operation of the business. The Debtor seeks authority to use certain assets of the Debtor that may constitute cash collateral substantially in accordance with the Budget annexed hereto as Exhibit "A".

c) <u>Material Terms of Use of Cash Collateral; Duration.</u>
The Debtor requests the use of cash collateral in accordance with, and on the same terms as, the underlying loan documents, between the Debtor and parties holding valid, perfected security interests in the cash collateral. The Debtor seeks authorization to use cash collateral during the term of any Interim Order that may be entered in connection with this Motion and during the term of the Chapter 11 case upon the entry of any Final Order on this Motion.

d) <u>Liens and Cash Payments to be Provided.</u> The Secured Creditors will each be granted a replacement lien in all post-petition property of the Debtor, of the same nature, to the same extent, and with the same priority as the lien existing as of the Petition Date ("Post-Petition Liens"). In addition, the Debtor proposes to make monthly interest payments, at the contract rate, to Celtic Bank, a monthly payment in the amount of $9,643.00 ("Post-Petition Payments").

e) <u>Reporting.</u>
(a) Commencing on the first of the month following the commencement bankruptcy case, and monthly thereafter, the Debtor shall provide Celtic Bank with the following, in each case certified by an authorized financial or accounting officer of Borrower:

(1) a cash flow projection covering a 4-week period on a rolling basis, in format satisfactory to Lender;

(2) updated actual versus budget cash flow comparisons for the previous one-month period;

and

(3) such other information regarding the Debtor's business or financial affairs as Celtic Bank may reasonably request.

(b) Within two (2) business days after filing, Debtor shall give TD Bank copies of each report filed with the Office of the U.S. Trustee.

### RELIEF REQUESTED

10. By this Motion, and pursuant to § 363 of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure and Rule 4001-1 of the Texas Local Bankruptcy Rules, the Debtor requests the use of cash collateral.

11. The Debtor requires the immediate use of cash collateral to fund operational and administrative expenses. Absent the use of cash collateral, the Debtor will be forced to cease operations, destroying the going concern value of the Debtor's business to the detriment of the Debtor, its Estate and its creditors.  Approximately 5 jobs would be eliminated in the event that the hotel closed.

12. Use of the cash collateral is, therefore, critical to preserve and maintain the Debtor's Estate, to promote a successful reorganization of this Chapter 11 bankruptcy case., Granting the requested relief, therefore, is necessary to prevent immediate and irreparable harm to the Debtor, its Estate, the Secured Creditors, and the Debtor's employees.

13. Section 363 (e) of the Bankruptcy Code provides, in relevant part, that the use of property subject to a security interest shall not be permitted unless the secured creditor consents or the secured interest in such property is adequately protected. 11 U.S.C § 363 (e).

14. Subject to the entry of a Court Order: (i) granting the Post-Petition Liens, (ii) authorizing and directing the Debtor to pay the Post-Petition Payments, and (iii) granting certain other relief, the Debtor anticipates that Celtic Bank will consent to the Debtor's proposed use of cash collateral.

15. In the event that Celtic Bank fails to consent to the entry of an Order authorizing the use of cash collateral, the Debtor submits that Celtic Bank enjoys an equity cushion that

constitutes "adequate protection" of their interest in the Collateral because the estimated value of the Collateral exceeds the total amount due on account of the secured claims.

16. The Debtor also submits that the interest of Celtic Bank in the Collateral will be adequately protected by the granting of the Post-Petition Liens and the entry of an Order authorizing and directing the Debtor to make the Post-Petition Payments as set forth in Paragraph 9(d) above.

17. The Debtor says that the Budget, Exhibit "A" demonstrates that income generated by the Debtor's continued operation of the business will generate sufficient cash flow to pay the accruing obligations, including operational and administrative expenses.

NOTICE

18. Pursuant to Rule-4001-2, notice of this Motion has been given to: (i) Celtic Bank; (ii) taxing authorities; (iii) the largest twenty (20) unsecured creditors; (iv) all creditors having requested notice pursuant to Rule 2002; and (v) the Office of the United States Trustee.

19. The Debtor requests that the Bankruptcy Court schedule a final hearing on this Motion ("Final Hearing") and deem service of notice of such Final Hearing by serving a copy of the Interim Order providing for the use of cash collateral and a Notice of Final Hearing to: (i) Celtic Bank; (ii) the tax authorities; (iii) the largest twenty (20) unsecured creditors; (iv) all creditors having requested notice pursuant to Rule 2002; and (v) the Office of the United States Trustee to be sufficient notice under Rule 4001 of the Federal Rules of Bankruptcy Procedure.

20. The Debtor requests that a hearing on this Motion be schedule as soon as possible because the use of cash is essential to avoid immediate and irreparable harm to the Debtor, its employees.

WHEREFORE, the Debtor respectfully requests the entry of the attached Interim Order: i) authorizing the interim use of cash collateral; ii) scheduling a Final Hearing on this Motion, prescribing the form and manner of the Notice of the final hearing authorizing the use of cash collateral; and iii) providing such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Heidi McLeod
 Heidi McLeod Law Office PLLC
3355 Cherry Ridge, Ste. 214
San Antonio, TX 78230
SBTN 13764700
(210) 853-0092
(210) 853-0129 fax

## CERTIFICATE OF SERVICE

I further certify that on the 6th day of December, 2019 , each of the persons named on the attached matrix of creditors and the attached list of parties to executory contracts and unexpired leases will also be served with a true and correct copy of the foregoing Motion.

Bhaktel, LLC
1104 Zanderson Avenue
Jourdanton, TX 78026

Barr Credit Services, Inc.
5151 E. Broadway, Ste. 800
Tucson, AZ 85711

Celtic Bank
268 S. State St., Ste. 300
Salt Lake City, UT 84111

Innsoft, Inc.
9570 SW Beaverton Hillsdale Hwy
Beaverton, OR 97005

Missouri Department of Reveneu
P.O. Box 840
Jefferson City, MO 65105

Priya Bhakta
1104 Zanderson Ave.
Jourdonton, TX 78026

Service Master by Lewellens
1220 N. Baltimore
Kirksville, MO 63501

Wyndham Hotels & Resorts
22 Sylvan Way
Parsippany, NJ 07054

Adair County Collector of Revenue
106 W. Washington
Kirksville, MO 63501

Bel Air Motel, LLC
1822 S. Broadway
Wichita, KS 67211

Impact
22705 N. Hwy. 65
Sedalia, MO 65301

Jatin Bhakta
1104 Zanderson Ave..
Jourd0nton, TX 78026

Precision IT
123 N. 4th Street
Norfolk, NE 68701

Priyakumari Bhakta
1104 Zanderson Aveneue
Jourdanton, TX 78026

Snowman, LLC
213 Gregory Lane
P.O. Box 78
Bloomfield, IA 52537

Zeamster
43155 Main St., Ste. 2208
Novi, MI 48374

/s/ Heidi McLeod
Heidi McLeod

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:                                       CASE NO. 19-52862G
BHAKTEL, LLC

                                             CHAPTER 11 PROCEEDING

## CERTIFICATE OF CONFERENCE

        Debtor's attorney contacted Celtic Bank and they do not have any objection to the expedited hearing.


                            Respectfully submitted,


                            /s/ Heidi McLeod
                            Heidi McLeod SBTN 3764700
                            Heidi McLeod Law Office PLLC
                            3355 Cherry Ridge Ste. 214
                            San Antonio, TX 78230
                            (210) 853-0092
                            (210) 853-0129 fax

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

In re: **Bhaktel, LLC**

CASE NO **19-52862G**

CHAPTER **11**

## BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

| | |
|---|---|
| 1. Gross Income for 12 Months Prior to Filing: | **$394,818.00** |

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

| | |
|---|---|
| 2. Gross Monthly Income: | **$45,000.00** |

PART C - ESTIMATED AVERAGE FUTURE MONTHLY EXPENSES:

| | |
|---|---|
| 3. Net Employee Payroll (Other Than Debtor): | **$10,000.00** |
| 4. Payroll Taxes: | **$620.00** |
| 5. Unemployment Taxes: | **$620.00** |
| 6. Worker's Compensation: | **$350.00** |
| 7. Other Taxes: | **$2,083.00** |
| 8. Inventory Purchases (including raw materials): | **$1,000.00** |
| 9. Purchase of Feed/Fertilizer/Seed/Spray: | **$0.00** |
| 10. Rent (other than debtor's principal residence): | **$0.00** |
| 11. Utilities: | **$4,828.00** |
| 12. Office Expenses and Supplies: | **$200.00** |
| 13. Repairs and Maintenance: | **$500.00** |
| 14. Vehicle Expenses: | **$500.00** |
| 15. Travel and Entertainment: | **$500.00** |
| 16. Equipment Rental and Leases: | **$300.00** |
| 17. Legal/Accounting/Other Professional Fees: | **$500.00** |
| 18. Insurance: | **$1,600.00** |
| 19. Employee Benefits (e.g., pension, medical, etc.): | **$0.00** |
| 20. Payments to be Made Directly by Debtor to Secured Creditors for Pre-Petition Business Debts (Specify): | |
| **Celti Bank** | **$11,780.00** |
| 21. Other (Specify): | |
| **Advertising** | **$400.00** |
| **soap** | **$500.00** |
| **coffee and breakfast** | **$500.00** |
| **credit card fees** | **$2,000.00** |
| **check in system and credit card machine** | **$108.00** |
| 22. Total Monthly Expenses (Add items 3 - 21) | **$38,889.00** |

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

| | |
|---|---|
| 23. AVERAGE NET MONTHLY INCOME (Subtract item 22 from item 2): | **$6,111.00** |