UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:                                                          CASE NO. 19-52862
BHAKTEL, LLC
   Debtor                                                   CHAPTER 11 PROCEEDING

## INTERIM ORDER (A) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION (C) SCHEDULING A FURTHER HEARING AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion) of the above-captioned debtor (the "Debtor") for the entry of an order (this "Interim Order") (a) authorizing the Debtor's use of Cash Collateral, (b) granting certain adequate protection, and (c) scheduling a further hearing; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); venue being proper before the Court pursuant to 28 U.S.C §§ 1408 and 1409; the Debtor having commenced the Chapter 11 case on December 2, 2019 (the "Petition Date"); the Debtor being in the management and operation of its business as Debtor in possession pursuant to sections 1107 and 1108 of Bankruptcy Code and no trustee or examiner having been appointed in the chapter 11 case and no committee of unsecured of unsecured creditors having

been formed as of the date hereof; and upon consideration of the evidence submitted or induced and the arguments made by counsel at the interim held on _____ (the "Interim Hearing"); notice of the Motion and the Interim Hearing having been adequate and appropriate under the circumstances and in accordance with Bankruptcy Rules 2002, 4001 (b), (c) and (d), and 9014; and the Interim Hearing having been held pursuant to Bankruptcy rule 4001(b)(2) and concluded; and all objections, if any, to the interim relief requested in the Motion having been withdrawn, resolved or overruled by the Court; and it appearing to the Court that granting the interim relief requested is necessary to avoid immediate and irreparable harm to the reasonable and in the best interests of the Debtor, its estate, and its creditors and equity holders, and is essential for the continued operation of the Debtor's business; after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

    1. The Motion is granted as set forth herein on an interim basis.

    2. A further hearing on the Motion shall be held on _____, 2019 at _____ _____.m. prevailing Central Time before the Honorable Craig Gargotta, United States Bankruptcy Judge, in Courtroom No. 3, Hipolito F. Garcia Fed Bldg & Courthouse, 615 E. Houston Street, San Antonio, TX 78205. Any objection or responses to entry of a further order approving the Motion shall be filed and served on the following parties: (a) the Debtor, (b) the Office of the United States Trustee; (c) the Lender; (d) the Debtor's twenty largest unsecured creditors; and (e) all entities that have filed a request for service of filings in the Chapter 11 case pursuant to Bankruptcy Rule 2002.

    3. All objections to the Motion being granted on an interim basis to the extend not withdrawn or resolved are hereby overruled.

    4. Notice of the Interim Hearing and the emergency relief requested in the Motion has been provided by the Debtor, whether by facsimile, email, overnight courier or hand delivery, ecf notice to certain parties in interest, including (i) the Office of the United States Trustee (ii) the parties included on the Debtor's list of twenty (20) largest unsecured creditors. The parties have made reasonable efforts to afford the best notice possible under the circumstances to permit the interim relief set forth in this Interim Order, and no other or further notice is or shall be required.

    5. Subject to the terms and conditions of this Interim Order including the reservation of rights in paragraph 10 below, and in accordance with the Budget, attached hereto as <u>Exhibit 1</u> (the "Budget"), the Debtor is authorized to use cash collateral as that term is defined in section

363 (a) of the Bankruptcy Code ("Cash Collateral") for expenditures incurred during the period from the Petition date through January 31, 2020. solely in the amounts and solely for the purposes set forth in the Budget.

6. As adequate protection of the interests of the Lender against diminution in value of its interests in the Property and Cash Collateral, pursuant to sections 361 and 363(e) of the Bankruptcy Code, the Debtor is authorized to, grant, and upon entry of this Interim Order shall be deemed to have granted to the Lender replacement continuing valid, binding, enforceable, non-avoidable, and automatically perfected post-petition security interests in and liens (in the same priority as its pre-petition security interests and liens in and on the assets of the Debtor) on any and all presently owned and hereafter acquired assets and all proceeds thereof to the extent that Lender maintained liens on such assets prior to the Petition Date ( the "Adequate Protection Liens"); provided, however, that the Adequate Protection Liens shall be limited to the extent that the Debtor uses Cash Collateral and to the extent that the value of the Lender's pre-petition collateral including Cash Collateral diminishes as a result thereof.

7. As further adequate protection of the interests of the Lender against diminution in value of its interests in the Property and Cash Collateral, pursuant to sections 361 and 363(e) of the Bankruptcy Code, upon entry of this Interim Cash Collateral Order, the Debtor shall pay to Lender on or before January 15, 2020, a regularly scheduled payment of $9650.00

8. The Interim Order shall be sufficient and conclusive evidence of the granting, attachment, validity, perfection, and priority of the Adequate Protection Liens without the necessity of obtaining, filing or recording any financing statement, mortgage, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect (in accordance with applicable non-bankruptcy law) the Adequate Protection Liens, or to entitle the Lender to the priorities granted herein.

9. Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

10. Nothing in the Motion or this Interim Order is to be construed as a concession or admission of any party with respect to whether the Cash Collateral is property of the Debtor's estate under section 541 of the Bankruptcy Code or otherwise. The Lender reserves all rights to dispute whether the Cash Collateral is property of the Debtor under section 541 of the

Bankruptcy Code or otherwise and the Debtor reserves all rights to contest such assertions. Nothing in the Motion or this Interim Order is to be construed as a concession or admission of any party with respect to the Lender's pre-petition liens, and shall not be construed as to prejudice and party's rights to challenge or support the validity, extent or priority of such pre-petition liens. The Debtor reserves all rights to dispute whether the Adequate Protection Liens provided for in paragraph 6 above shall include "any diminution of Cash Collateral" and the Lender reserves all rights to contest such assertions.

11. Nothing in the Motion or in this Interim Order shall prejudice the rights of the Lender to (a) oppose entry of any further order extending the use of Cash Collateral, (b) seek additional adequate protection, (c) file a motion for relief from the automatic stay, (d) seek to terminate the use of cash collateral, or (e) constitute an admission or acknowledgement of the Lender, for purposes of any subsequent hearing or otherwise, that the adequate protection provided under this Interim Order will suffice as adequate protection under any further Order,

12. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Heidi McLeod Law Office PLLC
3355 Cherry Ridge, Ste. 214
San Antonio, TX 78230
(210) 853-0092
(210) 853-0129 fax